**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JULY SESSION, 1998**

FILED

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **LARRY T. CARTER,** | ) | **C.C.A. NO. 01C01-9710-CR-00488** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ANN LACY JOHNS** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

| | |
|---|---|
| FOR THE APPELLANT: | FOR THE APPELLEE: |
| LARRY T. CARTER | JOHN KNOX WALKUP |
| Pro Se | Attorney General and Reporter |
| TDOC #83297 | |
| Middle Tennessee Correctional | LISA A. NAYLOR |
| Complex | Assistant Attorney General |
| 7177 Cockrill Bend-Industrial Road | 425 Fifth Avenue North |
| Nashville, TN 37209-1005 | Nashville, TN 37243-0493 |
| | |
| | VICTOR S. JOHNSON |
| | District Attorney General |
| | |
| | ROGER MOORE |
| | Assistant District Attorney |
| | Washington Square - Ste. 500 |
| | 222-2nd Avenue N. |
| | Nashville, TN 37201-1649 |

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Larry T. Carter appeals the trial court's denial of his petition for post-conviction relief. He presents the following issues for our consideration on this appeal: (1) whether the trial court denied Appellant a full and fair evidentiary hearing by failing to timely file its order dismissing his petition for post-conviction relief; (2) whether there is a constitutional and statutory right to the effective assistance of counsel in post-conviction proceedings; and (3) whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTUAL BACKGROUND

Appellant was convicted by a jury in the Davidson County Criminal Court on March 13, 1991 of the following offenses: four counts of aggravated rape, one count of aggravated sexual battery, four counts of rape, and one count of sexual battery. As a Range II multiple offender, Appellant received an effective sentence of one hundred ninety-eight years incarceration with the Tennessee Department of Correction. This Court affirmed his conviction and sentence. State v. Larry T. Carter, C.C.A. No. 01C01-9110-CR-00308, Davidson County (Tenn. Crim. App., Nashville, October 29, 1992). The Tennessee Supreme Court denied permission to appeal on January 25, 1993. perm. to appeal denied, (Tenn. 1993).

On July 20, 1995, Appellant filed his pro se petition for post-conviction relief in the Davidson County criminal Court, alleging, inter alia, that his trial counsel ineffectively represented him. The trial court conducted a hearing on the petition on April 17, 1996. On May 12, 1997, the trial court dismissed Appellant's

petition for post-conviction relief. On June 16, 1997, Appellant filed an untimely notice of appeal.

Specifically, Appellant alleges the following deficiencies in his trial counsel's representation:

(1) failure to present an alibi defense;
(2) failure to call Reba Carter, Appellant's wife and the mother of the two victims, to testify as anticipated in counsel's opening statement; and
(3) failure to call Appellant to testify.

As stated previously, Appellant also complains about his post-conviction hearing. It is these claims we will address first.

## II. POST-CONVICTION RELIEF

In post-conviction proceedings, the Appellant bears the burden of proving the allegations raised in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). See also Scott v. State, 936 S.W.2d 271, 272 (Tenn. Crim. App. 1996). Moreover, the trial court's findings of fact are conclusive on appeal unless the evidence preponderates against the judgment. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Campbell v. State, 904 S.W.2d 594, 595-96 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993).

## A. FULL AND FAIR HEARING

Appellant's first contention is that he was denied a full and fair hearing on his post-conviction petition because the trial court failed to issue an order within the time constraints set forth in Tenn. Code Ann. § 40-30-211(d). We disagree.

Tenn. Code Ann. § 40-30-211(d) provides:

(d) The court shall rule within sixty (60) days of conclusion of the proof. Such deadline shall not be extended by agreement, and such deadline may be extended only by order

of the court based upon a finding that unforeseeable circumstances render a continuance a manifest necessity. Such extension shall not exceed thirty (30) days.

Tenn. Code Ann. § 40-30-211(d).

Appellant's evidentiary hearing was held on April 17, 1996. On May 12, 1997, more than one year later, the trial court entered an order dismissing Appellant's petition for post-conviction relief.

Nothing in the post-conviction procedure act prescribes either a remedy or a sanction for a trial court's failure to comply with the time limits set out in Section 40-30-211(d).[1] Although we do not condone a failure to comply with the law as stated in Section 40-30-112(d), we reject the notion that such an error in this case deprived Appellant of a full and fair hearing of his post-conviction claims. A full and fair hearing of post-conviction claims is a hearing wherein the petitioner is given every opportunity to present evidence and argument with respect to his claims. See, House v. State, 911 S.W.2d 705, 711 (Tenn. 1995). Appellant was afforded such an opportunity in this case. The fact that the final order was entered in an untimely fashion does not detract from the full presentation of Appellant's claims to the courts. Therefore, this issue is without merit.

## B. CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING POST-CONVICTION PROCEEDINGS

Appellant next urges this Court to conclude that the constitutional right to effective assistance of counsel should be broadened to apply in the context of

---

[1]The only thing remotely resembling some sanction for a failure to comply with Section 40-30-211(d) is an annual report to the general assembly by the administrative office of the courts as to the compliance by the trial courts with the prescribed time limits. Presumably this is so the general assembly might enact either express sanctions for the trial courts or a remedy for post-conviction litigants should widespread or routine failure to comply with Sec. 40-30-211(d) appear.

post-conviction proceedings. To bolster this assertion, he alleges that the Post-Conviction Procedure Act of 1995, Tenn. Code Ann. § 40-30-201, *et seq.*, created a statutory right to the effective assistance of counsel in post-conviction proceedings. We disagree.

Both the Tennessee Supreme Court and this Court have held that there is no constitutional right to the effective assistance of post-conviction counsel. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995); State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). See also Pennsylvania v. Finley, 481 U.S. 551, 554-55, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (holding that there exists no federal constitutional right to the effective assistance of post-conviction counsel). Furthermore, Tenn. Code Ann. § 40-30-201, *et seq.*, contains no statutory right to the effective assistance of counsel in the post-conviction setting. This issue is without merit.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

Appellant's final claim on this appeal is that the trial court erred in denying his petition for post-conviction relief based upon Appellant's allegation that he received ineffective assistance of trial and appellate counsel.

## A. EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment provides in part, "In all criminal prosecutions, the accused shall enjoy the right. . . to have the assistance of counsel for his defense." U.S. Const. amend. 6. Similarly, the Tennessee Constitution guarantees an accused "the right to be heard by himself and his counsel. . . " Tenn. Const. art. I § 9. In Strickland v. Washington, the United States Supreme Court articulated a two-prong test for courts to employ in evaluating claims of

ineffective assistance of counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Tennessee Supreme Court adopted Strickland's two-part test in Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The Strickland Court began its analysis by noting that "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 104 S.Ct. at 2064. When a convicted defendant challenges the effective assistance of counsel in a post-conviction proceeding, the Appellant bears the burden of establishing (1) deficient representation of counsel and (2) prejudice resulting from that deficiency. Strickland, 104 S.Ct. at 2064; Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). Appellant must prove that counsel's representation fell below an objective standard of reasonableness. Strickland, 104 S.Ct. at 2064. This Court is not required to consider the two prongs of Strickland in any particular order. Harris v. State, 947 S.W.2d 156, 163 (Tenn. Crim. App. 1996). "Moreover, if the Appellant fails to establish one prong, a reviewing court need not consider the other." Id. With regard to counsel's deficient performance, the proper measure is that of reasonableness under prevailing professional norms. Id. (citing Strickland, 104 S.Ct. at 2065). Put differently, counsel's performance is required to be "within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975); Harris, 947 S.W.2d at 163. Respecting the prejudice prong of Strickland, the Appellant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2068.

The Strickland Court emphasized that "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 2065. "A `fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (quoting Strickland, 104 S.Ct. at 2065). The mere failure of a particular tactic or strategy does not per se establish unreasonable representation. Id. at 369. However, this Court will defer to counsel's tactical and strategic choices only where those choices are informed ones predicated upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

Regarding Appellant's first alleged deficiency, he specifically complains that trial counsel performed deficiently at trial by failing to present an alibi defense. At the hearing on Appellant's post-conviction petition, trial counsel testified that he and Appellant had discussed the trial strategy of discrediting the two victims as well as other character witnesses. The attorney testified that Appellant understood this strategy. In its order dismissing Appellant's petition for post-conviction relief, the trial court concluded that because the victims resided with Appellant and because the "criminal conduct was an ongoing part of [the victims] daily existence. . ., the acts simply could not be tied to calendar dates by the victims. Therefore, a defense of alibi was not available in this case.

We conclude it was reasonable not to present a defense of alibi, especially given that the victims could not identify specific dates on which the offenses occurred. The trial court properly concluded that the attorney had directed his efforts in a more appropriate direction by focusing on discrediting the

testimony of the victims rather than pursuing a rather useless alibi defense. This alleged deficiency does not make out a claim of ineffectiveness of counsel.

We find no merit in Appellant's second allegation that his trial attorney rendered deficient representation by failing to call Appellant's wife, Reba Carter, as a witness although he had mentioned her name during his opening statement. Counsel conceded that he had mentioned Reba Carter's name in his opening statement. However, after the first day of the trial, Reba Carter purportedly threatened one of her daughters (the alleged victims) during a telephone conversation. As a result of some of the comments made by Mrs. Carter to her daughter during the telephone conversation, trial counsel advised Appellant that it would be problematic to use Mrs. Carter's testimony. Counsel further testified that Appellant wanted counsel to make the final decision as to whether or not to call Reba Carter. Finally, although counsel gave no explanation to the jury as to the reason for not calling Mrs. Carter as a witness, the decision not to call Reba Carter as a witness was a reasonable tactical choice under the circumstances. Moreover, during the jury selection process, the trial court instructed the jury that lawyers commonly added or deleted people from their list of potential witnesses as the trial evolved and that such alterations were not significant. In light of the foregoing, we cannot conclude that the outcome of Appellant's trial would have been different had Reba Carter been called to testify.

Finally, Appellant erroneously asserts that trial counsel was ineffective in failing to present Appellant's testimony. At the post-conviction hearing, trial counsel explained that he thought that it would be detrimental to Appellant to testify because this would "open the door" to cross-examination concerning Appellant's prior conviction for child sexual abuse. See, Tenn. R. Evid. 609. Trial counsel successfully prevented the jury from becoming aware of this prior

conviction, and given the nature of the charges we conclude this was a prudent strategic decision. This issue is without merit.

## B. EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Appellant next urges this Court to conclude that the trial court erroneously determined that he received effective assistance of counsel on appeal. However, Appellant does not specifically enumerate the deficiencies of which he complains.

The same two-prong standard that is used in considering claims of ineffective assistance of trial counsel is also employed to evaluate allegations of ineffective assistance of appellate counsel. See, e.g., Porterfield v. State, 897 S.W.2d 672, 677-78 (Tenn. 1995). Typically, the decision about which issues to raise on appeal is one that is left to the professional judgment and sound discretion of appellate counsel. Porterfield, 897 S.W.2d at 678; Cooper v. State, 849 S.W.2d at 747.

Approximately one month after Appellant's trial, trial counsel filed a motion to withdraw. However, according to counsel's testimony at the post-conviction hearing, he withdrew the motion because Appellant wanted counsel to continue to represent him on appeal. Counsel's time sheet reflects that he spent over 51.3 out-of-court hours preparing Appellant's case for appeal. Trial counsel raised ten issues on appeal to this Court. Carter, C.C.A. No. 01C01-9110-CR-00308, slip op. at 1-2. The trial attorney testified that after this Court issued its decision in Appellant's case, counsel again filed a motion to withdraw. Given the state of this record we can discern no insufficiency in counsel's performance during the direct appeal of this case.

Accordingly, the judgment of the trial court is affirmed.

-10-

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE