Sidney PORTERFIELD, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee,
at Jackson.

Feb. 21, 1995.

Order on Petition to Rehear May 1, 1995.

Charles W. Burson, Atty. Gen. and Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, for appellee.

Larry H. Nance, Memphis, for appellant.

## OPINION

O'BRIEN, Justice.

Petitioner, Sidney Porterfield, was convicted of murder in the first degree and sentenced to death on 15 January 1986.[1] On 7 July 1987, while the matter was pending on appellate review, petitioner filed a pro se petition for post-conviction relief.[2] The original pro se petition was supplemented by appointed counsel. Subsequently the trial court entered an order denying relief on the petition. Appeal was taken and because it

was a capital case the Court of Criminal Appeals transferred the proceedings to this Court on 21 June 1990. This Court bifurcated the proceedings and remanded the issue of effective assistance of counsel at trial to the Court of Criminal Appeals. That Court affirmed the trial court's dismissal of the petition for post-conviction relief on the issue of effective assistance of counsel at trial. Petitioner appealed.

This Court remanded the issue of effective assistance of counsel on appellate review to the trial court for an evidentiary hearing and held petitioners application for permission to appeal in abeyance pending disposition of that issue. The trial court heard proof on the issue and denied relief. Petitioner appealed. Subsequently this Court granted both applications for permission to appeal.

The issues of effective assistance of counsel at trial and on appellate review were consolidated for disposition by this Court. In the interval a *pro se* motion for appointment of new post-conviction counsel and to continue oral argument was filed by petitioner. Disposition of the motion was deferred to be considered by the Court on the date the case was set for oral argument. On the date of the hearing the Court concluded that the motion filed by petitioner did not state sufficient grounds to replace appointed counsel despite an apparent long-standing disagreement between petitioner and his counsel. Appointed counsel indicated to the Court that he did not think there was any reason why he could not represent petitioner. The Court proceeded to hear oral argument. Thereafter, apparently with assistance of volunteer counsel from the Capital Case Resource Center, a supplemental brief in support of the motion for appointment of counsel and to continue oral argument was filed. The case is now ripe for disposition.

It appears, that beginning with defendant's trial and conviction, the facts and circumstances of this case have been considered and reviewed by the trial court, first in the initial

---

1. Petitioner's conviction was affirmed by this Court on 19 January 1988, 746 S.W.2d 441; cert. denied by the United States Supreme Court on 16 May 1988, 486 U.S. 1017, 108 S.Ct. 1756, 100 L.Ed.2d 218.

2. Petitioner has been assisted throughout the greater part of these proceedings by counsel from the Capital Case Resource Center of Tennessee.

proceedings and then on post-conviction; by the appellate courts of this State on review of the trial and post-conviction proceedings; and by the United States Supreme Court on review of petitioner's conviction proceedings. While we do not deprecate petitioner's right, in a matter of such grave significance to exhaust every remedy available to set aside his conviction, we conclude that if there was any merit to be found in his assertions for reversal of his convictions it would have long since been brought to light.

We begin this review by considering petitioner's charge of ineffective assistance of counsel at trial. The original pro se post-conviction petition consisted of more than 20 pages of generally conclusory allegations of incompetence on the part of petitioner's court-appointed trial counsel. The cause ultimately came on to be heard in the trial court upon an amended and supplemental petition for post-conviction relief filed by petitioner's court-appointed counsel for the post-conviction hearing. During the course of the evidentiary hearing the Court heard testimony from the petitioner, from the two (2) attorneys appointed to represent him at the trial level, and statements of post-conviction counsel for the petitioner and the assistant district attorney general assigned to the case. The trial court found that petitioner's testimony consisted of an attack on his court-appointed counsel's performance in basically three (3) areas: (1) Pre-trial, (2) trial, and (3) sentencing. In reference to the pre-trial issue petitioner testified that his trial counsel improperly waived his right to a preliminary hearing, did not obtain statements from all the witnesses listed on the indictment or on a list submitted by petitioner to counsel, did not adequately argue the suppression of pre-trial statements made by him and his co-defendant. Petitioner expressed the view that counsel performed only perfunctory procedures pre-trial. In reference to purported trial inadequacy petitioner testified that counsel did not present an adequate defense, failed to make objections, failed to request special jury instructions and conspired with the State. Petitioner asserted that counsel failed to adequately represent him during the sentencing phase by not excluding certain aggravating circumstances and by not obtaining an independent FBI "rap sheet."

The trial court further found that on cross-examination petitioner admitted that he had been advised of the grand jury proceeding that would determine probable cause following the waiver of a preliminary hearing. He admitted counsel filed many motions on his behalf, including his own pro se motions. He admitted receiving copies of witness statements, lab reports and the autopsy report. He testified to discussions with counsel regarding the State's evidence, the meaning of probable cause and the results of counsel's attempts to interview both the State's list and petitioner's list of witnesses.

One of petitioner's two (2) trial counsel testified he was employed by the Shelby County Public Defender's Office as the coordinator of the Capital Defense Team. He had tried over 100 cases in criminal court, including approximately 30 capital cases. He testified he had met with the petitioner approximately 17 to 20 times, some of which were prior to the preliminary hearing. He advised petitioner that a waiver was in order to obtain certain statements and discovery material earlier than if they had waited for a preliminary hearing, and because it was likely there would be a finding of probable cause. He testified that he and a public defender investigator had attempted to interview all the witnesses listed by the State and the petitioner. He testified in reference to the various motions filed on petitioner's behalf including motions to suppress the co-defendant's statement and identification of the defendant, as well as several supporting legal memoranda. He employed a handwriting expert and provided petitioner copies of all requested documents. He testified that he made all relevant objections, requested limiting instructions to the jury and filed amended and supplemental motions for new trial.

Co-counsel confirmed much of the same information. He testified there was no conflict of interest in his representation of petitioner and that petitioner elected not to testify and was informed of the defense strategy pursued by counsel at trial.

The post conviction trial judge held that having carefully considered the issues he

found the petition to be without merit. He based his judgment on the standards mandated by this Court in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975) and on federal standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On intermediate appellate review of the post conviction proceedings the Court of Criminal Appeals found great difficulty in analyzing petitioner's complaints, observing that "as far as specific complaints were concerned, the petition offered numerous allegations of trial counsel's shortcomings and failures, into which petitioner had woven argument and editorial to such an extent that it was extremely difficult to separate allegations from rhetoric." Nonetheless, the Court reviewed the issues thoroughly, finding that both of petitioner's trial counsel were criminal law specialists with wide experience in trying criminal cases. One was a veteran public defender who coordinated the "capital defense team," finding, as did the trial court, that he had participated in over 100 criminal trials, 30 of which were death penalty cases. Counsel had the benefit of the services of the public defenders' investigator, and had access to a large compilation of applicable research on file in the Public Defenders Office. The Court of Criminal Appeals further found in reference to the adequacy of trial counsel's investigation that a defense investigator attempted to talk with every witness listed on the indictment. Some witnesses refused to give a statement. Counsel gave petitioner copies of statements that were obtained. A social investigator assisted counsel in the jury selection and penalty phases of the trial. In reference to the procurement of expert witnesses, a handwriting expert analyzed petitioner's signature on his confession and other forms and found them to be genuine. A psychologist was consulted who found nothing beneficial to Porterfield in the evidence. There was no justification in the record for the services of a crime reconstructionist.

Petitioner also complained that counsel's advice to waive a preliminary hearing was unsound because he forfeited an important advantage by virtue of the waiver. He did not specify what advantage might have been lost. Counsel did advise him of his right to a preliminary hearing but considered it advantageous to waive the hearing in order to obtain a greater quantity of information than they would have otherwise received. Petitioner charges error to counsel's choice of defense theory. The Court of Criminal Appeals found that counsel discussed the strategies and intricacies of the case with petitioner from the outset and formed an opinion based on exhaustive investigation that an alibi defense could not be sustained. An entrapment defense was considered and discarded as inapplicable.

A complaint was raised about inadequately drafted suppression motions which failed to state specific violations of law enforcement officials, apply laws to the facts of the case, and cite to proper authority. The Court examined the motions in the record, found them to be adequate and discarded petitioner's contention as being without merit.

Petitioner complained of the decision to forego a continuance when the State presented its notice of aggravating circumstances on the day of trial. This was a tactical decision on the part of counsel who knew almost eight (8) months before trial of the State's intention to pursue the death penalty.

The Court of Criminal Appeals gave due consideration to each of the contentions presented by the petitioner including the fact that he had filed a complaint with the Shelby County Bar Association criticizing the quality of his representation which he says prejudiced counsel against him and adversely effected the quality of his chief counsel's representation. That court found no evidence of any adverse effect as the result of the complaint made by petitioner.

This Court too has considered the complaints made in the petition for post-conviction relief, the evidence heard by the trial judge at the post-conviction petition hearing, as well as having reconsidered the evidence heard at petitioner's conviction trial. Two (2) briefs have been filed in this Court, the first by order of the Court which directed appointed appellate counsel to review petitioner's pro se Rule 11 application for appeal from the decision of the Court of Criminal Appeals for the purpose of augmenting it in any

manner necessary to facilitate review by this Court. The second is styled "Supplemental Brief in Support of Motion for Appointment of Counsel and Motion to Continue Oral Argument" which first appears to be a complaint about the manner in which oral argument was conducted in this Court when petitioner's appeal came on to be heard. The Chief Justice inquired of appointed appellate counsel, who was present in court[3] if he knew of any reason why he could not represent petitioner. Counsel did present the matter in oral argument. In his supplemental brief petitioner explained what he describes as the irreconcilable differences over legal issues that should have been raised and litigated in the post-conviction petition as the primary basis for the disagreement between him and appellate counsel, alleging a litany of ineffective assistance of counsel on appeal. The supplemental brief, which was apparently prepared on behalf of petitioner by legal counsel, concludes with the statement, "I have listed here some of the issues that I am aware of that should have been raised and litigated in this post-conviction petition, but that [appointed counsel] refused to raise or litigate. These are the only issues that I am aware of. I have consistently requested an attorney who was trained in the law (because I am not) who can investigate and raise and litigate all of the issues that are in the case. I do not have the training, knowledge or resources to properly represent myself. I am aware of some issues that should have been raised and were not. The fact that these issues exist lead me to believe that there are numerous other issues that a trained and zealous attorney on my behalf could discover and successfully litigate on my behalf." The Supplementary Brief includes an Appendix which contains, inter alia, an instrument styled "proof to support the record of ineffective assistance of appellant's court appointed counsel, ..., on his direct review of appellant's death sentence." This instrument contains various excerpts from cases cited for the apparent purpose to support his claim of incompetency of counsel at trial and upon appellate review.

We believe it pertinent to say in view of the last paragraph in petitioner's supplemental brief that T.C.A. § 40–30–105 was enacted to allow prisoners a procedure for relief when their conviction is void or voidable because of abridgement of a Tennessee or Federal Constitutional right. Its authority and limitations are derived solely from the Legislature and are not constitutionally mandated. *Oliphant v. State*, 806 S.W.2d 215 (Tenn.Cr.App.1991). The purpose of the Post–Conviction Procedure Act is to provide for a collateral attack on a conviction when such an abridgement exists.

While the constitutional standard for effective assistance of counsel was elucidated in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975), it is pertinent to repeat some of the subsequent admonitions stated by the Court in that regard. In *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn.1982), the Court reflected on the ruling in *Baxter* saying, "Although in *Baxter* we adopted a higher standard of competence for the legal representation required in criminal cases, we did not require perfect representation. Moreover, the defense attorney's representation, when questioned, is not to be measured by '20–20 hindsight.' 'Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used. Trial counsel's strategy will vary even among the most skilled lawyers. When that judgment exercised turns out to be wrong or even poorly advised, this fact alone cannot support a belated claim of ineffective counsel. 'It cannot be said that incompetent representation has occurred merely because other lawyers, judging from hindsight, could have made a better choice of tactics.' ... As former trial lawyers, we know that a criminal trial is a very dramatic, vibrant and tense contest involving many variables and that counsel must make quick and difficult decisions respecting strategy and tactics which appear proper at the time but which, later, may appear to others, or even to the trial lawyer himself, to have been ill considered." *Hellard*, supra, at 9. (Citations omitted).

**3.** Appointed appellate counsel had been relieved by the Court of Criminal Appeals after the hearing of the case in that Court.

It is also fitting to reiterate the standard set forth in *Strickland,* supra, in which the Court said, "a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two (2) components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense, this requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulting from a breakdown in the adversary process renders the result unreliable.... Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' ... There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.... The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by the second trial, this one of counsel's unsuccessful defense. Counsel's performance and even willingness to serve could be adversely affected. Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client. Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The Court must then determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the Court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.... An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.... The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland v. Washington,* supra (citations omitted.).

■ When a petitioner seeks to vacate a conviction on grounds that he was not effectively assisted by trial counsel, he must establish by a preponderance of the evidence that the services rendered or the advice given by trial counsel fell below "the range of competence demanded of attorneys in crimi-

nal cases," and that the errors of counsel adversely affected his defense. *Baxter v. Rose,* supra; *Strickland v. Washington,* supra.

Our review of this record convinces us that both the trial court and the Court of Criminal Appeals fully and properly considered petitioner's complaint as set forth in his petition for post-conviction relief. There is nothing in this record to establish that he was not effectively assisted by trial counsel in the course of his conviction proceedings.

On the issue of the competency of joint-counsel on his direct appeal petitioner has further complicated the matter by complaining about the inadequacy of his appointed counsel at the hearing on his post-conviction petition. As a result appointed post-conviction counsel was permitted on motion to withdraw from his representation by the Court of Criminal Appeals. This Court subsequently countermanded that order and directed post conviction counsel to edit and refile petitioner's pro se application for permission to appeal and augment it in any matter necessary to facilitate review by this Court. Notwithstanding petitioner's complaint this Court has once again intensively reviewed the record of the trial proceedings as well as petitioner's charge that he was denied effective assistance of counsel on direct appeal. We find the complaint to be without merit.

■ In determining whether appellate counsel was effective, this Court applies the standards set forth in *Strickland v. Washington,* supra. Petitioner must show that counsel's performance was deficient and that petitioner was prejudiced by this deficiency. *See Cooper v. State,* 849 S.W.2d 744, 746–747 (Tenn.Cr.App.1993). We have reviewed the several allegations of ineffective assistance of appellate counsel on direct appeal which we now address. After a full evidentiary hearing on the issue of effectiveness of appellate counsel the trial court denied the petition. Defendant complained that his appellate counsel failed to consult with and communicate with him. The Court found that petitioner had failed to show any prejudice based on the extent of communication and consultation between him and his counsel during the appellate process. He further found that petitioner had failed to establish any proof that he had difficulty communicating with counsel and that testimony revealed numerous instances of communications between them concerning the status of the appeal. Petitioner was furnished a copy of the appellate brief. There was correspondence between petitioner and counsel discussing the appeal. One letter even expressed petitioner's satisfaction with the original brief. Although there was no communication between appellate counsel and petitioner prior to the filing of the original appellate brief petitioner was afforded the opportunity to file a supplemental brief including any input he desired to present to the court. The record indicates there was adequate and appropriate communication between petitioner and his counsel throughout the appellate process.

■ Petitioner asserts that appellate counsel failed to ascertain the accuracy of the trial transcript and at the same time admitting that the record was accurate. He claims that the record did not include the court's charge to the jury at the guilt and sentencing hearings. However, the jury instructions from both the guilt and penalty phases were included in the record as part of the volume containing the exhibits. He has made no showing of how he was prejudiced.

■ He complains counsel failed to request oral argument before the court. This argument is moot because oral argument was conducted on petitioner's behalf even though counsel failed to make a formal request.

■ A complaint is made that counsel failed to appeal and fully argue all of the issues presented in the motion for new trial. At the hearing on this issue appellate counsel explained that he had reviewed the motion for new trial, assessed the merit of the errors alleged and selectively chose to raise only those issues he considered might establish reversible error. Generally, the determination of the issues to present on appeal addresses itself to the professional judgment and sound discretion of appellate counsel. *Cooper v. State,* supra at 747. Petitioner has not shown that the procedure employed by counsel prejudiced him in any manner. He

stresses that counsel did not argue cumulative error, and emphasizes counsel's decision not to raise the issue of the trial court's failure to suppress his confession on the ground that his original arrest was invalid. Proof of the suppression hearing at the original trial did not show that he had been arrested, only that he had been brought in for questioning at the time he gave his statement.

■ He argues that failure to make postverdict motions challenging trial counsel's effectiveness and failure to raise this issue on appeal somehow prejudiced him. Motion for new trial in this case was filed on 21 February 1986 and petitioner's notice of appeal was filed on 5 March 1986. Appellate counsel did not begin work on this case until January 1987. Post-verdict motions were an impossibility. Nonetheless, these issues were raised at post-conviction and petitioner has failed to demonstrate any prejudice.

■ For the first time, in his appellate brief, petitioner alleges there was apparent conflict of interest in this case because both his trial and appellate counsel were members of the Public Defender's Office. He says his appellate counsel knew of his dissatisfaction with his trial counsel's presentation. He has not demonstrated any conflict nor has he shown any prejudice. He was afforded a full review of the question of trial counsel's effectiveness at his post-conviction hearing.

We are satisfied that petitioner was afforded his full panoply of rights not only at trial, but on direct appellate review, and also in the course of his post-conviction proceedings. We affirm in full the judgments of the lower courts.

We note that this Court has previously granted an indefinite stay of execution pending the outcome of the post-conviction proceedings. We establish a new execution date and direct that the sentence be carried out as provided by law on 1 May 1995, unless otherwise stayed or modified by appropriate authority. Costs are taxed against the petitioner.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.

*ORDER ON PETITION TO REHEAR*

A pro-se petition to rehear has been filed contending the court erred in its judgment on petitioners application for post conviction relief.

For issue petitioner reiterates the claim raised in his post conviction petition of ineffective assistance of trial counsel and for the first time in these proceedings says the trial court committed reversible error by failing to place him on the witness stand to inform him of his constitutional right to testify or to ascertain whether or not he desired to testify and present evidence in his own behalf.

We have previously ruled on petitioners initial contentions and again find them to be without merit. As to the claim that the trial judge failed to advise him of his right to testify at his original trial, we observe that on the appeal from his conviction it was insisted that the trial court erred in failing to tell the jury that they were not to consider his silence as evidence against him in the sentencing phase of the trial. He was obviously advised of his right to testify or remain silent.

The pro-se petition to rehear is denied.

A second petition to rehear has been filed by volunteer, pro bono counsel. This petition recounts all of the rather extensive proceedings in this case involving the post conviction review and ultimately reaches the erroneous conclusion that "The Court apparently recognized that Porterfield had potentially meritorious claims arising out of the denial of his post conviction petition on the issue of the ineffective assistance of trial counsel by granting Porterfield's pro se Application for Permission To Appeal."

To the contrary, the Application for Permission to Appeal was granted by this Court, exercising an abundance of caution in its capacity as the ultimate State authority to review death sentences (T.C.A. § 39–13–206), to further exercise that authority by granting post conviction review to assure that there had not been any failure in the trial or appellate process which may have abrogated defendant's right to a fair trial.

It is regrettable that the majority of authorities cited in the petition to rehear are not on point with the issues argued. They

deal primarily with the right to counsel on direct appeal and not with collateral proceedings. The rule continually asserted in each of the cited cases is the exact antithesis of defendant's position that post conviction counsel some how failed to effectively challenge the purported constitutional violations which he asserts led to his conviction.

After a thorough examination of the record in each instance, this Court has found that defendant was properly and adequately represented by appointed counsel at trial and on direct appeal.

It is equally clear that the principle, if not the only basis for the dispute between defendant and his post conviction counsel is defendant's insistence on asserting a plethora of complaints on appellate review which counsel did not deem advisable or appropriate. The applicable rule is succinctly stated in *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983):

> Defense counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. The accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal; and, with some limitations, he may elect to act as his own advocate. However, an indigent defendant has no constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

There is no right to free counsel beyond the first appeal as of right. See *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

The court adheres to the judgment set forth in its original opinion. The petitions to rehear are denied at appellant's cost.

ANDERSON, C.J., and DROWOTA and REID, JJ., concur.

BIRCH, J., not participating.