# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 2000 Session

## WILLIAM H. JETT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for DavidsonCounty**
**No. 96-A-221     Steve Dozier, Judge**

---

### No. M1999-01409-CCA-R3-PC - Filed October 13, 2000

---

The Defendant filed for post-conviction relief from his jury conviction for stalking, alleging ineffective assistance of counsel.  After a hearing, the trial court denied relief.  We affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA M. OGLE, JJ., joined.

Leslie A. Bruce, Nashville, Tennessee, for the appellant, William H. Jett, Jr.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was convicted by a jury of felony stalking.  His conviction and sentence were affirmed on direct appeal.[1]  The Defendant subsequently filed for post-conviction relief, which was denied after a hearing.  In this appeal as of right, the Defendant raises only one issue:  whether his trial counsel was ineffective by failing to properly preserve a portion of his trial record and by failing to submit on direct appeal a transcript of the hearing on his motion for new trial.  Upon our review of the record, we affirm the trial court's denial of post-conviction relief.

---

[1] State v. William Jett, Jr., No. 01C01-9707-CR-00236, 1998 WL 598524 at * 7 (Tenn. Crim. App., Nashville, Sept. 10, 1998).

FACTS

The indictment against the Defendant made reference to his prior conviction of stalking the victim. Upon defense counsel's motion, that portion of the indictment was ordered withheld from the jury. During deliberations, the jury apparently asked the trial court a question which indicated that the indictment still included the forbidden information. According to defense counsel, he objected and requested a mistrial at that time; however, the objection and request were not made on the record. The trial court denied counsel's request for a mistrial and instead instructed the jury to disregard the information regarding the Defendant's prior conviction. Neither of these actions by the court was made a part of the record. The jury thereafter returned a verdict of guilty.

Defense counsel subsequently raised the issue in a motion for new trial and also on direct appeal. However, this Court found that the issue had been waived because the record did not support the claim that the jury had become aware of the prior conviction; because the record contained no objections to the alleged trial error; and because the transcript of the new trial hearing had not been included in the appellate record. See William Jett, Jr., 1998 WL 598524, at * 6. The Defendant now asserts that these errors on his lawyer's part constituted ineffective assistance of counsel such as to require a new trial. The court below disagreed, and so do we.

ANALYSIS

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a defendant bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the Defendant's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

If afforded a post-conviction evidentiary hearing by the trial court, a defendant must do more than merely present evidence tending to show incompetent representation and prejudice; he or she must prove the factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are

conclusive and binding on this Court unless the evidence preponderates against them. Cooper, 849 S.W.2d at 746 (citing Butler, 789 S.W.2d at 899).

While we agree with the court below that the Defendant's attorney should have preserved the issue concerning the indictment, we do not think that the Defendant has carried his burden of proving that, but for counsel's mistake in this regard, there is a reasonable probability that the jury would have had reasonable doubt concerning his guilt. As noted by the court below, this Court considered the sufficiency of the evidence against the Defendant on the direct appeal of this matter. This Court found that the proof was sufficient to sustain the Defendant's conviction. That is, the jury had ample evidence upon which to convict the Defendant before it was allegedly exposed to the inadmissible information about the Defendant's prior conviction. Accordingly, the Defendant's argument that the jury would otherwise have had reasonable doubt about his guilt must fail.

With respect to whether the Defendant's lawyer was ineffective on direct appeal, we again apply the standards set forth in Strickland v. Washington: the Defendant must show that appellate counsel's performance was deficient and that he was prejudiced by this deficiency. See Porterfield v. State, 897 S.W.2d 672, 678 (Tenn. 1995). Because the transcript of the motion for new trial is not contained in the record before us, there is no way to determine whether or not it would have helped the Defendant on his direct appeal. Thus, the Defendant has failed to carry his burden of proving that his lawyer's failure to include the new trial hearing in the direct appeal was deficient. Moreover, this alleged error on appellate counsel's part was just one of three reasons that the matter was deemed waived on direct appeal. Even if counsel's performance was deficient, the Defendant has still failed to show a reasonable probability that the result of the appeal would have been different had the transcript been included. This issue is without merit.

The Defendant having failed to prove by clear and convincing evidence that his lawyer's alleged errors were so grievous as to entitle him to a new trial, the court below correctly denied relief. The judgment of the trial court is therefore affirmed.

_____
DAVID H. WELLES, JUDGE