# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 25, 2001

## STATE OF TENNESSEE v. KENNETH S. GRIFFIN

### Appeal from the Criminal Court for Knox County
### No. 62290A     Ray L. Jenkins, Judge

### No. E2000-02471-CCA-R3-CD
### June 25, 2001

Defendant, Kenneth Griffin, was found guilty of burglary (Class D) and theft (Class D) following a bench trial. He was sentenced as a career offender on each conviction to twelve (12) years incarceration, and the sentences were ordered to be served consecutively. The Defendant, with counsel, appealed the conviction raising the sole issue of the sufficiency of the evidence. This court affirmed. State v. Kenneth S. Griffin, C.C.A. No. 03C01-9811-CR-00406, 1999 Tenn. Crim. App. LEXIS 1316, Knox County (Tenn. Crim. App., Knoxville, Dec. 27, 1999). Subsequently, Defendant timely filed a petition for post-conviction relief alleging, apparently among other issues, that he received ineffective assistance of counsel on appeal because appellate counsel did not raise as an issue the consecutive sentencing ordered by the trial court. The post-conviction court, in a written order, granted Defendant a "delayed appeal" as "authorized under TENNESSEE CODE ANNOTATED SECTION. 40-30-213." The post-conviction court's order limited the delayed appeal to the sole issue "of the correctness of [defendant's] sentence." However, the post-conviction court, while impliedly finding ineffective assistance of counsel for not raising the sentencing issue on direct appeal, made no finding that the Petitioner was prejudiced by the deficient representation. In any event, we find that the granting of a delayed appeal from the original conviction is not authorized by statute, and accordingly, this appeal from the sentence imposed in the original convictions is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Kenneth Griffin.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to the trial court's order in a post-conviction proceeding purporting to grant a delayed appeal pursuant to Tennessee Code Annotated section 40-30-213, the Defendant filed a "Notice of Delayed Appeal" from a judgment of the trial court wherein he had been found guilty of burglary and Class D theft. The only issue raised by Defendant in this appeal is the allegation that the trial court erred by ordering the sentences to be served consecutively. As noted above, the Defendant has already appealed his convictions in this case, where the only issue on appeal was the sufficiency of the evidence to support the convictions. State v. Kenneth S. Griffin, C.C.A. No. 03C01-9811-CR-00406, 1999 Tenn. Crim. App. LEXIS 1316, Knox County (Tenn. Crim. App., Knoxville, Dec. 27, 1999).

Tennessee Code Annotated section 40-30-213 provides in pertinent part as follows:

**40-30-213. Petitioner unconstitutionally denied appeal–Procedure.**–(a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner *was denied the right to an appeal from the original conviction* in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for such review, the judge can:

(1) If a transcript was filed, grant a delayed appeal;

(2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or

(3) If no motion for a new trial was filed in the original proceeding, authorize such motion to be made before the original trial within thirty (30) days. Such motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure. (Emphasis added).

Tennessee Code Annotated section 40-30-211 provides in pertinent part as follows:

**40-30-211. Final disposition of petitions.**–(a) If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or *order a delayed appeal as hereinafter provided* and shall enter an appropriate order and any supplementary orders that may be necessary and proper. Costs shall be taxed as in criminal cases. (Emphasis added).

2

We construe the plain and ordinary meaning of these statutes to be that, if there is a finding that counsel was ineffective on direct appeal, the court *shall* set aside the judgment, or order a delayed appeal as provided in Tennessee Code Annotated section 40-30-213(a), which specifically details that a delayed appeal is to be granted only when the petitioner has been *denied* the right to an appeal.

Furthermore, when a petitioner alleges ineffective assistance of counsel on direct appeal from a conviction, there is still a requirement that the petitioner, in order to prevail, must prove that his counsel's performance was deficient *and* that the petitioner was prejudiced by the counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). In this case, the post-conviction court's order, which was made a part of this record, makes no finding that the Defendant was prejudiced by any deficient performance by his original trial counsel.

Defendant has already been granted a direct appeal; he was thus not "denied the right to an appeal from the original conviction" as required for relief under Tennessee Code Annotated section 40-30-213. Even if the post-conviction court had found that Defendant was prejudiced by the purported deficient representation by trial counsel, and that Defendant was prejudiced and entitled to post-conviction relief, the trial court, under the appropriate statutes, should have voided the judgment and ordered a new trial or, if the deficient performance was related only to sentencing, ordered a new sentencing hearing.

We find that if the law were otherwise, and we reached the merits of the second "direct appeal" concerning the issue of the appropriateness of consecutive sentencing, then we would set a precedent for defendants to have, in effect, the very real chance of at least two direct appeals from convictions. For instance, if appellate counsel decided not to present non-frivolous issues on direct appeal (which our case law permits, see Porterfield v. State, 897 S.W.2d 672, 678-79 (Tenn. 1995) cert. denied, 516 U.S. 946, 116 S. Ct. 385, 133 L. Ed. 2d 307 (1995)), and a post-conviction court later held that trial counsel was deficient for not raising the issue, the defendant could in effect gain a second direct appeal of any issues omitted from a brief in the initial direct appeal.

We hold that the present direct appeal from the conviction in case number 62290A of the Knox County Criminal Court is not properly before this court. Nothing in the post-conviction statutes, or the applicable case law, allows a "delayed appeal" when a defendant/petitioner has clearly already had a direct appeal heard on the merits.

Accordingly, the appeal is dismissed.

## CONCLUSION

The post-conviction court, under the circumstances of this case, could not order a "delayed appeal." Therefore, this second direct appeal from Defendant's convictions is dismissed.

_____
THOMAS T. WOODALL, JUDGE