IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## SIDNEY PORTERFIELD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 85-01174      W. Otis Higgs, Jr., Judge**

-------------------

**No. W2005-00549-CCA-R3-HC  - Filed December 13, 2005**

-------------------

The Petitioner, Sidney Porterfield, was convicted of first-degree murder and sentenced to death.  The Petitioner has exhausted his direct appeals and has previously pursued post-conviction relief.  The Petitioner filed the instant habeas corpus petition asserting several claims regarding the validity of his sentence. The trial court summarily denied the petition.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Sidney Porterfield, Pro Se.

Paul G. Summers, Attorney General and Reporter; Alice B. Lustre, Senior Counsel; William L. Gibbons, District Attorney General; and Don D. Strother, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner, Sidney Porterfield, appeals the trial court's denial of his petition for a writ of habeas corpus.  The Petitioner is challenging his confinement pursuant to his 1986 first degree murder conviction and ensuing death sentence.  See State v. Porterfield, 746 S.W.2d 441 (Tenn. 1988).  After he exhausted the direct appeals of his conviction and sentence, the Petitioner sought, and was denied, post-conviction relief.  See Porterfield v. State, 897 S.W.2d 672 (Tenn. 1994).  The Petitioner subsequently filed a second post-conviction petition, which was ultimately denied as being time-barred.  See Sidney Porterfield v. State, No. 02C01-9611-CR-00388, 1997 WL 151452 (Tenn. Crim. App., Jackson, Apr. 2, 1997), perm. to appeal denied, (Tenn. 1997).

In December of 2002, the Petitioner filed a motion to reopen his petition for post-conviction relief pursuant to Tennessee Code Annotated section 40-30-217 (2002). In his motion and supplement, the Petitioner challenged the constitutionality of his pending execution under our supreme court's opinion in State v. Van Tran, 66 S.W.3d 790 (Tenn. 2001) (holding that the execution of mentally retarded individuals violates constitutional standards), the validity of the indictment in his case in light of the United States Supreme Court's decisions in Ring v. Arizona, 536 U.S. 584 (2002) and Apprendi v. New Jersey, 530 U.S. 466 (2000), and the propriety of the selection of the grand jury. The trial court summarily dismissed the motion. On appeal, this Court concluded that the trial court erred in summarily dismissing the Petitioner's claim regarding his alleged mental retardation and remanded, in part, the motion to reopen for a hearing pursuant to State v. Van Tran. See Sidney Porterfield v. State, No. W2003-00789-CCA-R28-PD (Tenn. Crim. App., Jackson, May 20, 2003), perm. to appeal denied, (Tenn. 2003). However, the Court denied the Petitioner's application for permission to appeal as to the remaining two issues.[1] Id.

The Petitioner filed the instant habeas corpus petition on December 17, 2004. The Petitioner argued that his sentence is illegal because the indictment failed to allege the aggravating circumstances relied upon to support the death penalty, that the state erroneously introduced evidence of a non-violent conviction in support of one of the aggravating circumstances, and that the death penalty statute is unconstitutional. The trial court denied the petition on January 18, 2005, and subsequently denied the Petitioner's motion to reconsider on February 9, 2005. The Petitioner now appeals.

ANALYSIS

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. Art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence the defendant, or that the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, a petition for habeas corpus relief may only be granted when the judgment is void, not merely voidable. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Id. Furthermore, it is permissible for a trial court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Id.

In its order of denial, the trial court found that the Petitioner had previously filed two other habeas corpus petitions despite the fact the Petitioner claimed this was his first petition.

---

[1] The State notes in its brief that Petitioner has also filed a habeas corpus petition in federal court. According to the State, that petition is currently in abeyance pending the Tennessee courts' resolution of the Petitioner's motion to reopen.

Additionally, as noted by the State, the Petitioner failed to attach to his current petition copies of his prior petitions and copies of the trial court judgment and indictment at issue in this case. The procedural requirements for filing a petition for habeas corpus relief are set forth in Tennesse Code Annotated section 29-21-107.[2] The supreme court has explained that these requirements are mandatory and must scrupulously be followed. Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004). If a trial court determines that a petitioner failed to comply with these requirements, it may choose to summarily dismiss the petition. Id. It is evident from the record in this case that the Petitioner did not comply with the statutory requirements. However, despite commenting on the fact that the Petitioner was not truthful about the number of petitions he had previously filed, the trial court issued a ruling on the issues. We will, therefore, consider the merits of the petition.

The Petitioner contends that the indictment charging him with first degree murder is void because it did not contain a reference to the aggravating circumstances relied upon by the State during the sentencing hearing. Similar arguments have been made by defendants in other capital cases in this state in light of the United States Supreme Court's recent rulings in Ring v. Arizona and Apprendi v. New Jersey. The Tennessee Supreme Court, however, has specifically rejected these arguments. See State v. Leach, 148 S.W.3d 42 (Tenn. 2004); State v. Berry, 141 S.W.3d 549 (Tenn. 2004). Accordingly, the Petitioner is not entitled to habeas corpus relief on this issue.

Similarly, the Petitioner argues that the death penalty statute under which he was sentenced is unconstitutional based upon the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). The issue in Blakely centered on a judge's authority to increase a defendant's sentence based upon determinations of fact not submitted to a jury. Id. In the Petitioner's case, a jury imposed the sentence of death. Thus, the concerns discussed in Blakely are not present in this matter. The Petitioner's reliance on Blakely is misplaced. Habeas corpus relief is not warranted on this issue.

---

[2] Section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b).

The Petitioner was sentenced to death based upon the jury's finding of three aggravating circumstances: (1) that he had previously been convicted of violent felonies; (2) that he committed the murder for remuneration; and (3) that the murder was especially heinous, atrocious or cruel. Porterfield, 746 S.W.2d at 448. In support of the first aggravating circumstance, the State introduced evidence that the Petitioner possessed one prior conviction for robbery with a deadly weapon and two for "simple robbery." Id. The Petitioner now contends that the "simple robbery" convictions were not violent felonies as contemplated by the sentencing statute. Assuming the Petitioner's contention is correct and the admission of evidence of prior non-violent felonies was erroneous, such error would render the Petitioner's sentence voidable rather than void. Reversal of the death sentence or the grant of a new sentencing hearing would not be automatic; instead the reviewing court would be required to conduct a harmless error analysis in accordance with State v. Howell, 868 S.W.2d 238 (Tenn. 1993). See, e.g., Harries v. State, 958 S.W.2d 799, 803 (Tenn. Crim. App. 1997). Accordingly, because the Petitioner's sentence is not facially invalid, the Petitioner is not entitled to habeas corpus relief on this claim.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err by dismissing the petition for habeas corpus relief. The trial court's judgment is, therefore, affirmed

_____

DAVID H. WELLES, JUDGE

-4-