## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JANUARY 1997 SESSION



FILED

**March 27, 2008**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **DEVITO S. POLK** | ) |
| | ) C.C.A. No. 02C01-9602-CR-00065 |
| Appellant, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Bernie Weinman, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | |

FOR THE APPELLANT:

A C Wharton
Shelby Co. Public Defender

Diane Thackery
Assistant Public Defender
201 Poplar, Second Floor
Memphis, TN 38103

Edward G. Thompson
Assistant Public Defender
212 Adams Street
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

M. Allison Thompson
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General

Reginald R. Henderson
Asst. Dist. Attorney General
201 Poplar, Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Devito Polk, pled guilty to second degree murder[1] and was sentenced to 35 years as a Multiple Range II offender.  His sentence was to be served concurrently with seven pending aggravated robbery charges.  He, thereafter, filed a post-conviction petition alleging ineffective assistance of counsel and an unknowing and involuntary plea.  He appeals the denial of the petition.  He raises the following issues for our review:  (1) whether he knowingly and intelligently entered his plea of guilty; and  (2) whether he received ineffective assistance of counsel.  We affirm.


I


The appellant first alleges that he would not have entered a guilty plea had the trial judge advised him of his right against self-incrimination.  He claims he was confused and did not intentionally waive a known right.  The record before us does not contain a transcript of the hearing at which the guilty plea was entered.  This Court is one of review and cannot properly address this issue without a transcript of the proceeding.  The appellant is responsible for preparing a transcript containing an accurate and complete account of what transpired with respect to those issues that form the basis of his appeal.  Tenn. R. App. P. 24(b).  In failing to do so, the appellant has waived this issue.


II


The appellant next contends that he received ineffective assistance of counsel.  In support of this claim the appellant contends that his trial counsel was ineffective by failing to:  (1) effectively communicate with him regarding the status of pending charges;  (2) investigate his case; and (3) keep him informed about status of his appeal on a robbery conviction.  He alleges that because of his counsel's ineffectiveness, he felt that he had no choice but to plead guilty.

---

[1] Appellant was indicted originally for capital murder.  He also had prior felony convictions on his record.

The appropriate test for determining whether counsel provided effective assistance at trial is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Appellant must establish by a preponderance of the evidence that: (1) the services rendered or the advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," and (2) but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985); Porterfield v. Tennessee, 897 S.W.2d 672, 677-78 (Tenn. 1995).

The burden of proving ineffective assistance of counsel is not sustained by the appellant's uncorroborated testimony when the judgment is regular on its face and entitled to a presumption of validity. Morgan v. State, 445 S.W.2d 477 (Tenn. Crim. App. 1969). Furthermore, the findings of fact of the post-conviction hearing judge are conclusive on appeal unless the evidence preponderates against the judgment. Brooks v. State, 756 S.W.2d 288 (Tenn. Crim. App. 1990).

The appellant's allegation consists of his own uncorroborated testimony. The post-conviction hearing judge resolved conflicting testimony in favor of the appellant's trial counsel and found that he received adequate representation under the law. We agree.

Not only do we find this issue without merit, it appears from the record that the appellant's trial counsel managed to negotiate a very favorable plea agreement. The dismissal of the appellant's petition is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge


_____
DAVID G. HAYES, Judge