# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 23, 2010

## JEREMY CROSBY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1601     Steve R. Dozier, Judge**

---

**No. M2009-00934-CCA-R3-PC - Filed November 18, 2010**

---

The petitioner, Jeremy Crosby, appeals as of right the Davidson County Criminal Court's order denying his petition for post-conviction relief attacking his jury convictions of possession with the intent to sell .5 grams or more of cocaine and possession of drug paraphernalia. On appeal, he contends that appellate counsel committed ineffective assistance by failing to raise or effectively argue certain issues on direct appeal. Following our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

D. Chad Hindman, Nashville, Tennessee, for the appellant, Jeremy Crosby.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

A Davidson County Jury convicted the petitioner of possession with the intent to sell .5 grams or more of cocaine, a Class B felony, and possession of drug paraphernalia, a Class A misdemeanor. The trial court sentenced the petitioner to an effective sentence of sixteen years incarceration as a Range II, multiple offender. On direct appeal, the petitioner alleged that the trial court erred in denying his motion to suppress the search of his motel room and

that trial counsel committed ineffective assistance of counsel.[1]  This court concluded that neither allegation merited relief and affirmed the petitioner's convictions. *State v. Jeremy S. Crosby*, No. M2005-00548-CCA-R3-CD (Tenn. Crim. App., Nashville, Jan. 26, 2007).

The facts relevant to this post-conviction appeal and taken from the direct appeal opinion are as follows:

> On May 6, 2003, Scott Byrd of the Metropolitan Police Department responded to a drug complaint at the Pear Tree Inn, room 234.  Officer Byrd was a member of the Flex Unit which specialized in investigating drug complaints and other illegal activities in high crime areas.  When Officer Byrd arrived at room 234, he encountered several individuals, one of whom was Bryan Ward.  There was "drug activity" in the room, and Mr. Ward had drugs on his person.  Mr. Ward was arrested but later released after receiving a misdemeanor citation.  Mr. Ward told the officers he was not staying at the motel.  When Officer Byrd went to the motel office to advise the clerk about what had occurred in room 234, he learned that Mr. Ward was a registered guest staying in room 430 at the motel.
>
> At her request, Officer Byrd accompanied the motel office clerk to perform a "lock out" on room 430.  After receiving no response from her knock, the motel clerk opened the door to the room.  From the doorway, Officer Byrd saw two beds in the room.  Michael Barnes was lying on the bed closest to the door, and Defendant was lying on the other bed.  Officer Byrd saw a "tray sitting at the foot or partially underneath [Defendant's] bed with some marijuana seeds and marijuana residue on it."  He also saw a box of sandwich bags sitting on the dresser to the right of the door.
>
> Mr. Barnes and Defendant were placed under arrest. Officer Byrd conducted a search of their persons incident to their arrests. Defendant was in possession of a white substance which field-tested positive for cocaine. Officer Byrd *Mirandized* Defendant and asked him some questions.  Defendant said he "pulled the cocaine off the nightstand and stuffed it in his pocket when he heard the knocking at the door, because he didn't know who was at the door."  The officers at the scene also recovered a spoon containing a white residue, baking soda, and two sets of digital scales, one of which contained a white

---

[1]  Appellate counsel represented the petitioner from the filing of the motion for new trial in the trial court through the conclusion of the direct appeal.

residue, and another bag containing a white substance which field-tested positive for cocaine.

Officer Byrd testified that sandwich bags, like the ones recovered from the motel room, were typically used to package drugs. He also explained that scales are "used to weigh out the amount of drugs . . . . For the purpose of packaging them for the purposes of sale." One set of scales was found on the dresser in close proximity to the sandwich bags. Officer Byrd said that baking soda was "generally used as a cutting agent or an agent to help mix in with the cocaine." The cocaine found in the room was in powder form.

. . . .

Kathy Carman, a forensic investigator with the Tennessee Bureau of Investigation, conducted lab tests on the two bags of white powder taken from the scene. She testified that the substance found in each bag was cocaine. One bag of cocaine weighed one point five three (1.53) grams, and the other bag was point nine four (.94) grams, for a total amount of two point four (2.4) grams.

*Id*. at slip op. 1-2.

The petitioner timely filed a pro se petition for post-conviction relief on July 28, 2007. The pro se petition contained twenty-three allegations generally concerning (1) the sufficiency of the evidence to support his convictions; (2) the constitutionality of the search of his motel room; (3) prosecutorial misconduct; (4) the ineffective assistance of trial counsel, sentencing counsel, and appellate counsel; (5) trial court errors; and (6) nonspecific due process violations. The trial court found that all the allegations were either previously determined on direct appeal or had been waived by the petitioner's failure to present the claim in a prior proceeding, *see* Tenn. Code Ann. § 40-30-106(g), (h); therefore, the trial court summarily dismissed the petition without affording the petitioner the appointment of counsel or an evidentiary hearing. On appeal to this court, we reversed the summary dismissal, in part, and remanded the case for the appointment of counsel and an evidentiary hearing concerning the performance of appellate counsel. *Jeremy Crosby v. State*, No. M2007-00611-CCA-R3-PC (Tenn. Crim. App., Nashville, Apr. 25, 2008).

Following the appointment of counsel, the petitioner filed an amended post-conviction petition concerning his specific claims of ineffective assistance of appellate counsel. In the amended petition, he alleged that appellate counsel was ineffective by failing to present or argue effectively the following issues on appeal (1) trial counsel's failure to present evidence

concerning the petitioner's standing to contest the search of the motel room, (2) the State's failure to produce as a witness the motel clerk who allowed officers into the motel room, (3) trial counsel's ineffectiveness in not arguing the inconsistencies between the officer's affidavit in support of the search warrant and his testimony at trial, (4) the insufficiency of the evidence to support his conviction of possession of cocaine, (5) trial counsel's ineffectiveness in failing to contest inaccurate statements made by the trial court at sentencing, and (6) the cumulative effect of these errors. The trial court held an evidentiary hearing on February 27, 2009.

Appellate counsel testified that he was appointed to represent the petitioner following the sentencing hearing. He explained that he filed and argued the motion for new trial. He said that he warned the petitioner against pursuing an ineffective assistance of counsel claim on direct appeal and that he explained to the petitioner that it could lead to the abandonment of some issues that would be better raised on direct appeal or reserved until post-conviction. Counsel explained that the motion for new trial hearing was, in part, a post-conviction evidentiary hearing. He acknowledged, however, that he did not present either trial counsel, who had left the country, or sentencing counsel, who was available in the courtroom, as witnesses at the hearing. Counsel also recalled that sentencing counsel had expressed his opinion to him that trial counsel had handled the case "poorly." At the petitioner's insistence, counsel concentrated on issues concerning the search of the motel room. On cross-examination, he explained that he focused only on certain issues on appeal because many of the issues raised in the motion for new trial were not "strong enough to stand on their own."

Metropolitan Nashville Police Department Officer Scott Byrd testified that he did not recall making a notation of the motel clerk's name after the motel clerk assisted them in their entry of the motel room. He said that he also did not take any statement from the motel clerk. Following a rather vague objection by the State as to relevancy, the trial court stated that "we're taking up time . . . [and] that we could've already been finished with [the hearing]." After this remark, the following exchange took place:

> [PETITIONER'S ATTORNEY]: I'm done.
> THE COURT: But go ahead.
> [PETITIONER'S ATTORNEY]: No. No more questions.

Notably, prior to the presentation of Officer Byrd, the trial court made it clear to petitioner's counsel that "if you think the limits [of this hearing] extend to re-litigating the suppression issue, then that's not somewhere I'm going."

The State presented no proof at the hearing. The trial court took the matter under advisement, and, on March 25, 2009, the trial court issued findings of fact and conclusions of law denying the petition for post-conviction relief. The trial court specifically found that appellate counsel did not perform deficiently in his handling of appellate issues concerning the suppression of evidence recovered from the search of the motel room and that appellate counsel's tactical decisions concerning the issues addressed on appeal were not otherwise deficient. The petitioner timely appealed the trial court's order.

## II.  Analysis

We begin our analysis with a discussion of the law applicable to post-conviction procedure. To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. *See Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. *Id.* at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). In *Fields v. State*, our supreme court explained the standard of review in cases of ineffective assistance of counsel:

[A post-conviction] court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. However, a [post-conviction] court's *conclusions of law*-such as whether counsel's performance was deficient or whether that deficiency was prejudicial are reviewed under a purely *de novo* standard, with no presumption of correctness given to the [post-conviction] court's conclusions.

40 S.W.3d 450, 458 (Tenn. 2001) (citations omitted; emphasis in original).

To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). A petitioner demonstrates prejudice when he shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Moreover,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697).

As part of our consideration on review, we are mindful that counsel is not constitutionally obliged to raise every argument on appeal that may reasonably be made. *King v. State*, 989 S.W.2d 319, 334 (Tenn. 1999). Furthermore, the determination of which issues to raise on appeal is addressed to the professional judgment and sound discretion of counsel. *Porterfield v. State*, 897 S.W.2d 672, 678 (Tenn. 1995). In this vein, decisions concerning issues to be raised on appeal are often considered strategic or tactical in nature. On appeal, this court will not "second guess" the tactical and strategic decisions of defense counsel, nor measure the representation by "20-20 hindsight." *Cooper v. State*, 849 S.W.2d 744, 746 (Tenn.1993).

Appellate counsel testified that he chose not to present certain issues on appeal because many of them were not "strong enough to stand on their own." The post-conviction court found that appellate counsel's decision to present certain issues on appeal were tactical. We agree. Furthermore, the record reflects that issues concerning the search of the motel room were fully litigated on direct appeal, and the petitioner failed to show any deficient performance related to the suppression issue. Accordingly, we conclude that the evidence

does not preponderate against the trial court's findings and the trial court correctly denied post-conviction relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____

NORMA McGEE OGLE, JUDGE