**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JULY SESSION, 1997**

FILED

December 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9609-CR-00396** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SUMNER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JANE W. WHEATCRAFT** |
| **JAMES W. CONNORS, III,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Sentencing)** |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

LAWRENCE RAY WHITLEY
District Attorney General

WAYNE HYATT
Assistant District Attorney
113 East Main Street
Gallatin, TN 37066

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

On October 13, 1994, Appellant James W. Connors, III, pleaded guilty to driving under the influence, second offense; driving on a revoked license; and reckless endangerment. After a sentencing hearing on December 6, 1994, Appellant received an effective sentence of 120 days imprisonment followed by 2½ years of probation. Appellant appealed his sentence and this Court vacated his sentence and remanded the case for resentencing. After a sentencing hearing on May 28, 1996, Appellant received an effective sentence of 240 days imprisonment followed by sixteen months of probation. Appellant challenges his sentence, raising the following issues:

> 1) whether the trial judge should have recused herself from Appellant's resentencing hearing; and
> 2) whether the imposition of a harsher sentence after Appellant's successful appeal violates due process.

After a review of the record, we reverse the judgment of the trial court and remand this matter for resentencing before another trial judge.

## FACTS

Appellant pleaded guilty to driving under the influence, second offense; driving on a revoked license; and reckless endangerment on October 13, 1994. After a sentencing hearing on December 6, 1994, the trial court sentenced Appellant to eleven months, twenty-nine days for driving under the influence, all suspended except 120 days and followed by eleven months, twenty-nine days probation; to eleven months, twenty-nine days for reckless endangerment, all suspended except 120 days and followed by eleven months, twenty-nine days

probation; and to six months for driving on a revoked license, all suspended except 120 days and followed by six months probation. The periods of incarceration were to run concurrently, while the periods of probation were to run consecutively.

After the sentencing on December 6, 1994, Appellant filed a notice of appeal and a motion to set bond pending appeal. The trial court entered an order setting bond at $100,000 and setting the following conditions: 1) Appellant was to go directly from jail to an in-patient treatment facility; 2) upon completion of a twenty-eight day in-patient treatment program, Appellant was to be placed on intensive probation and was to make daily reports to his probation officer; 3) Appellant was not to drive; 4) Appellant was to take antabuse or some other drug as prescribed by a physician to keep him from drinking without serious side effects; 5) Appellant was to have periodic unannounced drug and alcohol tests; and 6) Appellant was to attend Alcoholics Anonymous every day. On December 15, 1994, this Court removed these six conditions of bond because they were unrelated to assuring Appellant's appearance in court.

Subsequently, in State v. Connors, 924 S.W.2d 362 (Tenn. Crim. App. 1996), this Court vacated Appellant's sentence and remanded this matter for resentencing. This Court concluded that resentencing was required because the trial court had failed to make specific reference to mitigating and enhancement factors, had failed to place the specific findings of fact upon which Appellant's sentence was based on the record, and had failed to consider the principles of the Sentencing Reform Act of 1989. Id. at 364. In addition, this Court held that

periods of probation must run in the same manner (either consecutively or concurrently) as the periods of incarceration. Id.

On May 6, 1996, this Court ordered that Appellant's bail bond be immediately reinstated and that the Sumner County Sheriff release Appellant from custody pending further proceedings in the trial court. Appellant was not released until May 9, 1996.

On May 24, 1996, Appellant filed a motion for recusal of the trial judge. On May 28, 1996, the trial court denied the motion after finding that the motion was insufficient on its face to state grounds for recusal. Following the denial of the recusal motion, the trial court sentenced Appellant to eleven months and twenty-nine days for driving under the influence, all suspended except 120 days followed by eight months of probation; to eleven months and twenty-nine days for reckless endangerment, all suspended except 120 days followed by eight months of probation; and six months for driving on a revoked license, all suspended except 120 days followed by six months of probation. The trial court ordered to sentences for driving under the influence and reckless endangerment to run consecutively and ordered the sentence for driving on a revoked license to run concurrently with the others.

**RECUSAL**

Appellant contends that the trial court erred when it denied his motion for recusal. Whether to grant a motion to recuse is discretionary with the trial judge. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). This Court may reverse only when the trial judge has clearly abused that discretionary authority.

-4-

State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). The trial judge should recuse herself whenever "her 'impartiality might reasonably be questioned.'" Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994) (quoting Code of Judicial Conduct, Canon 3(c)). Recusal is appropriate "when a person of ordinary prudence in the judge's position . . . would find a reasonable basis for questioning the judge's impartiality." Id.

Appellant's motion for recusal alleged, among other things, that the six conditions of bond pending appeal were significantly more onerous than the actual sentence and that these conditions were imposed to penalize Appellant for exercising his right to appeal; that the trial court, in an ex parte communication, ordered the Sumner County Sheriff to continue to confine Appellant despite this court's order that he be released; and that the trial court had participated in ex parte conversations about the case with the district attorney general's office. The trial court denied that any of these allegations were true and it ruled that the motion should be denied because it was insufficient on its face in stating the grounds for recusal.

The trial court clearly abused its discretion in ruling that these allegations presented facially insufficient grounds for recusal. Appellant's motion contained serious allegations of judicial misconduct. Certainly, "'assuming the truth of the facts alleged, a reasonable person would conclude that [this] particular judge is biased or prejudiced against [this] particular [Appellant].'" Id. at 821 (quoting United States v. Baker, 441 F. Supp. 612, 616 (M.D. Tenn. 1977)). It was not enough for the trial court to determine that she had no subjective bias against Appellant, she was also required to determine whether her impartiality might

-5-

reasonably be questioned under an objective standard. Id. at 822. In short, we hold that the trial court abused its discretion by denying the recusal motion without giving Appellant an opportunity to present proof on the matter.

## JUDICIAL VINDICTIVENESS

Appellant contends that the trial court's imposition of a harsher sentence after his successful appeal violates his right to due process. In North Carolina v. Pearce, 395 U.S. 711, 724–25, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656 (1969), the United States Supreme Court held that it is a violation of basic due process to punish a person because he has done what the law plainly allows. The Supreme Court stated that the Due Process Clause of the Fourteenth Amendment prevents increased sentences which are actually or likely motivated by a vindictive desire to punish a defendant for the exercise of a statutory or procedural right. Id., 395 U.S. at 723–24, 89 S. Ct. at 2080. The Pearce Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

Id., 395 U.S. at 725, 89 S. Ct. at 2080. To prevent vindictiveness from entering into the decision and to allay any fear on the part of a defendant that an increased sentence is the product of vindictiveness, the Court fashioned a prophylactic rule that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id., 395 U.S. at 726, 89 S. Ct. at 2081. Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose—a

presumption that must be rebutted by "'objective information . . . justifying the increased sentence.'" Texas v. McCullough, 475 U.S. 134, 142, 106 S. Ct. 976, 981, 89 L. Ed. 2d 104 (1986) (quoting United States v. Goodwin, 457 U.S. 368, 374, 102 S. Ct. 2485, 2489, 73 L. Ed. 2d 74 (1982)).

In Alabama v. Smith, 490 U.S. 794, 109 S. Ct. 2201, 1021 L. Ed. 2d 865 (1989), the Supreme Court limited the application of Pearce to circumstances in which there is a "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Id., 490 U.S. at 799, 109 S. Ct. at 2205. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Id.

In this case, the trial court did not articulate any justification for increasing Appellant's term of imprisonment from 120 to 240 days on resentencing. Indeed, the State has also failed to offer any explanation as to why the increased sentence was justified. In fact, it appears from the record that the only thing considered during resentencing that was not considered in the original sentencing hearing was the fact that Appellant had been successful on appeal:

> MR. HERBISON: Your Honor, that is an effective sentence of 240 days, with the balance of the sentence to be served on probation?
>
> THE COURT: Yes, it will. My original thought was I didn't really want him to serve more than 120 days, but the opinion that came out of the [Criminal] Court of Appeals indicates that he can't do the time concurrently and the rest of the sentence consecutively; so I'm trying to be in compliance with the opinion. And that being the case, he is going to have to do 240 unless you can--

MR. HERBISON: May it please the Court, I don't mean to be presumptuous [sic] here, but if the Court deemed an effective 120-day sentence to be appropriate, certainly two consecutive 60-day sentences would achieve that objective.

THE COURT: I think that he should do 120 on the DUI, since it is his 5th DUI.

We hold that in this case, there is a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness. This is especially true given the trial court's previous imposition of the six invalid conditions of Appellant's appeal bond[1] and the trial court's improper denial of Appellant's recusal motion. This Court is hard-pressed to accept either the trial court's failure to objectively justify Appellant's increased effective sentence or the State's failure to offer any explanation at all. Indeed, the Supreme Court noted in Smith that when the same sentencing judge presides at both the original trial and the subsequent retrial, the judge "can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness." Id., 490 U.S. at 802, 109 S. Ct. at 2206. Therefore, it is the opinion of this Court that there is a presumption of actual vindictiveness in this case that has not been rebutted.

---

[1]Indeed, the trial court stated in its order imposing the conditions that "[Appellant] is a man of substantial means who, in the Court's opinion, is attempting to circumvent the system of justice and buy himself time. In the interim, all this Court can do is try to set conditions to protect society from him until the Court of Criminal Appeals can review his sentence." **(I 20)**

Because of our conclusion that the State has not overcome the presumption that Appellant's sentence was the product of actual vindictiveness and that the trial court erred in denying Appellant's motion for recusal, we remand this case for transfer to another trial judge who will conduct a new sentencing hearing in accordance with the Sentencing Reform Act of 1989.[2]

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
WILLIAM M. BARKER, JUDGE

---

[2]Because of our disposition of this case, we need not address Appellant's claims that his sentences were excessive or that the trial court erred in imposing consecutive sentences.