# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2001

## CHARLES HAYES v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Circuit Court for Marshall County**
**No. 14295     Charles Lee, Judge**

---

**No. M2000-02360-CCA-R3PC - Filed August 23, 2001**

---

A Marshall County grand jury indicted the petitioner on two counts of aggravated burglary, two counts of theft, and one count of evading arrest. On October 29, 1997, the petitioner entered an open plea of guilt, reserving the determination of the length and manner of sentencing for the trial court. Following a sentencing hearing, the trial court sentenced the petitioner to a total of thirty-four years as a Range III persistent offender. In making its sentencing determination, the trial court ran several of the offenses consecutively. On direct appeal, the petitioner challenged his sentence as excessive. State v. Hayes, No. 01C01-9804-CC-00176, 1999 WL 126650 at *1 (Tenn. Crim. App. at Nashville, March 11, 1999). Finding that the record supported the trial court's sentence determination, this Court affirmed the trial court's judgment. Id. at *2. The petitioner then unsuccessfully applied for permission to appeal the trial court's sentence determination to the Tennessee Supreme Court. Thereafter, the petitioner filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that the trial court judge who imposed his sentence should have recused himself due to his personal knowledge of the facts of and victims in the case. The court appointed counsel for the petitioner, and the petitioner's newly appointed counsel then filed an amendment to the earlier petition, alleging ineffective assistance of counsel by both trial and appellate counsel. The trial court conducted an evidentiary hearing on the petition and dismissed the petition for post-conviction relief. The petitioner now appeals the trial court's dismissal of his petition, alleging that he received both ineffective assistance of trial and appellate counsel and that the trial judge erred in denying his motion for recusal. After the reviewing the record and applicable case law, we find these issues to be without merit and therefore affirm the trial court's denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and JOHN EVERETT WILLIALMS, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for appellant, Charles Hayes.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; Mike McCowen, District Attorney General; and Weakley E. Barnard, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

### Factual Background

On July 30, 1997, the petitioner and Mr. Darrell Lanier burglarized two different homes, the homes of Mr. Raymond Luntsford and Mr. and Mrs. Robert Sharp. Mr. Lanier and the petitioner stole several items of value from each home. Ms. Stacy Hancock assisted in the commission of the burglaries and provided Mr. Lanier and the petitioner with transportation during their commission of the burglaries. While they were burglarizing Mr. and Mrs. Sharp's home, Mr. Sharp arrived home and pursued the petitioner and Mr. Lanier in his vehicle while the three attempted to flee. During the chase, a deputy who had been dispatched to the scene encountered the ongoing chase and thus began to pursue the fleeing individuals himself. The group pulled into a church parking lot, and the police apprehended Mr. Lanier and Ms. Hancock immediately. However, the petitioner continued to flee on foot into some nearby woods. Ultimately, police officers apprehended the petitioner, and after being informed of his rights, the petitioner confessed to the burglary of the Sharp's home. After the police officers learned of the burglary of Mr. Luntsford's home, the petitioner confessed to that burglary, as well. The petitioner was subsequently charged and indicted for two counts of aggravated burglary, two counts of aggravated theft, and one count of evading arrest.

At the trial level, Mr. Mike Randles of the Marshall County Public Defenders Office represented the petitioner. Due to the petitioner's criminal history and the severity of the crimes at issue, the State refused to offer the petitioner a negotiated plea. Therefore, during sentencing, Mr. Randles advised the petitioner that he could choose to plead not guilty to the indictment and proceed with a trial or enter an open plea to the indictment, allowing the court to determine the length and manner of sentencing. Mr. Randles stated that he informed the petitioner that due to his extensive criminal history, the court could decide to run the sentences for several of the crimes consecutively, as opposed to concurrently, thus resulting in a lengthy sentence. The petitioner agreed to enter an open plea with the court, and at the time the petitioner entered his plea, the court specifically inquired whether the petitioner understood that his sentences could be run consecutively. The petitioner replied affirmatively and was subsequently sentenced to total of thirty-four years as a Range III persistent offender to the Department of Correction.

During the plea acceptance hearing, the presiding judge, Judge Charles Lee, announced that he knew Mr. Sharp, one of the individuals whose home the petitioner had burglarized, because he had purchased a bull from him several years ago, and thus Mr. Sharp had become an acquaintance of the trial judge, although not a close friend. Additionally, he believed that he had received some information about the burglary from Mr. Sharp. Upon the petitioner's request, at the sentencing hearing Mr. Randles moved for the judge to recuse himself. Judge Lee declined, stating that he had mistakenly believed that he knew Mr. Robert Sharp, the victim. However, he stated that he did know Mr. Robert Sharp's cousin, Mr. W.C. Sharp, and that Judge Lee had received information about the burglary from Mr. W.C. Sharp. Furthermore, he stated that he could sentence the petitioner fairly and that there was no appearance of impropriety due to his relationship with the victim's cousin.

The petitioner then sought to appeal both the length of his sentence and Judge Lee's refusal to recuse himself from the sentencing hearing. See Hayes, 1999 WL 126650 at *1. Mr. Clifford McGown, a contract attorney with the Public Defender's Conference, believed the recusal issue to be without merit and thus made a tactical decision to appeal only the length of the petitioner's sentence to this Court. We affirmed the trial court's sentence, finding that the sentence was "reasonably related to the severity of the offenses" and that the findings upon which the sentence were based were supported by the record. Hayes, 1999 WL 126650, at *1.

The petitioner then petitioned for post-conviction relief. The petitioner alleged that both Mr. Randles at the trial level and Mr. McGown at the appellate level had provided him with ineffective assistance of counsel. At the petition hearing, the petitioner testified that based upon his conversations with Mr. Randles, he believed that the maximum sentence he could receive based on his "open" plea was a fifteen year sentence at 45%, as the court would opt to run his sentences concurrently because the crimes at issue all occurred within a twenty-four hour period. However, the petitioner expressed that this was only his understanding, that he could be mistaken, and that he thought Mr. Randles "had done [sic] a good job." Mr. Randles testified that he had apprised the petitioner of the possibility that the court would opt to run his sentences consecutively, as opposed to concurrently.

Additionally, the petitioner challenged the effectiveness of his appellate counsel, Mr. McGown, stating that Mr. McGown erroneously decided not to appeal the recusal issue. Mr. McGown testified that he decided not to appeal the recusal issue because he believed the issue to be without merit, based on his considerable experience regarding what constitutes appropriate grounds for recusal. He believed that the petitioner's appeal would be more likely to succeed if only meritorious issues were included. The trial court concluded that the petitioner was not entitled to post conviction relief, finding (1) that the petitioner's testimony regarding the allegedly erroneous advice that he received from his trial counsel was uncorroborated and therefore did not warrant relief and (2) that his appellate counsel had exercised sound discretion by deciding not to pursue the recusal issue. Therefore, the trial court dismissed his petition.

Turning to this appeal, we find that the petitioner's allegations that he did not receive effective assistance of counsel at the trial or appellate levels are without merit. Furthermore, we do not believe that the trial judge's familiarity with one of the victim's cousins or his knowledge of the facts involved in the instant case warranted his recusal from the petitioner's sentencing hearing.

## Post-Conviction Standard of Review

In analyzing the issue raised, we first note that a petitioner bringing a post-conviction petition for relief bears the burden of proving the allegations asserted in the petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks, 983 S.W.2d at 245 (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Furthermore, the appellate court is bound by the trial court's findings of fact, unless the record preponderates against those findings. Id. at 245.

## Effective Assistance of Counsel

In his appeal from the trial court's denial of his petition for post-conviction relief, the petitioner alleges that he was provided with ineffective assistance by both his trial and appellate

counsel. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

### Effectiveness of Assistance of Trial Counsel

When an appellant seeks to set aside a guilty plea on the ground of ineffective assistance of counsel, he must demonstrate a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996) (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985)).

The petitioner has not met this burden. The petitioner testified that his trial counsel, Mr. Randles, failed to inform him that if he pled guilty, the trial court could elect to run his sentences consecutively, as opposed to running them concurrently, thereby resulting in a lengthier sentence than if the trial judge chose to run the sentences concurrently. Specifically, the petitioner testified that Mr. Randles advised him that the court would not impose a sentence exceeding fifteen years at 45%. However, the court elected to run some of the petitioner's sentences consecutively, and the petitioner was sentenced to a total of thirty-four years to be served in the Department of Corrections. The petitioner testified that if he had been adequately advised of this possibility, he would have chosen to proceed to trial and would not have pled guilty.

Conversely, Mr. Randles testified that he did advise the petitioner of this possibility, advising him that he believed that the most lenient sentence that the court would impose would be fifteen years at 45%. In regard to this conflict in testimony, the trial court apparently resolved the conflict against the petitioner when it denied the petition for relief. The trial court was in a better position then we are to evaluate the credibility of the witnesses' testimony, and thus we will not second guess the trial court's credibility determinations.

Furthermore, we should also note that before the trial court accepted the petitioner's guilty plea, the trial court specifically advised the petitioner of the possibility that the court could elect to run the petitioner's sentences consecutively, as opposed to concurrently. The trial court stated that although the court does not normally advise petitioners of this possibility in its usual litany of apprisals given to petitioners who are pleading guilty, the court specifically advised the petitioner of this possibility to ensure that the petitioner fully understood the consequences of his plea. Thus,

the petitioner voluntarily chose to enter his plea after he was adequately informed of the consequences of his plea. Therefore, this issue lacks merit.

## Effectiveness of Assistance of Appellate Counsel

The petitioner also claims that his appellate counsel, Mr. McGown, failed to provide him with effective assistance during his appeal. Specifically, the petitioner alleges that Mr. McGown erroneously decided not to appeal his sentence on the basis of the trial court's denial of the petitioner's motion for recusal. Instead, Mr. McGown elected to appeal only the length of the sentence, believing that issue to have merit, while the recusal issue did not.

We employ the same two-prong standard that is used in considering claims of ineffective assistance of trial counsel to evaluate allegations of ineffective assistance of appellate counsel. See, e.g., Porterfield v. State, 897 S.W.2d 672, 677-78 (Tenn. 1995). Typically, a decision regarding which issues should be raised on appeal is one that is left to the professional judgment and sound discretion of appellate counsel. Porterfield, 897 S.W.2d at 678; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993).

The petitioner claims that Mr. McGown erroneously decided not to appeal the trial judge's motion for recusal. However, this Court will defer to counsel's tactical and strategic choices where those choices are informed ones predicated upon adequate preparation. Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In his testimony, Mr. McGown testified as to his considerable experience regarding what constitutes a meritorious recusal issue. He decided not to appeal the petitioner's sentence after researching the issue, believing that the petitioner's likelihood of success on appeal would be hindered by appealing a frivolous issue. Thus, Mr. McGown appears to have properly exercised his discretion based upon his professional judgment and adequate preparation. Therefore, this issue lacks merit.

## Recusal

The petitioner alleges that the trial judge erroneously denied his motion for recusal, and, thus, the sentence imposed was invalid as it was not imposed by a neutral magistrate. However, because the petitioner did not assert this issue on direct appeal, he has waived this issue as grounds for relief. If a petitioner for post-conviction relief fails to present a ground for relief to a court that has jurisdiction over that matter, the petitioner has waived that ground for relief. See Tenn. Code Ann. § 40-30-206(g) (1997); see also Tenn. Code Ann. § 40-30-210(f) (1997) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."). Moreover, if a petitioner's counsel decides not to pursue an issue regarding judicial bias on direct appeal, the petitioner is bound by that decision. State v. Benson, 973 S.W.2d 202, 206 (Tenn. 1998). The petitioner's appellate counsel, Mr. McGown, decided not to raise the recusal issue on direct appeal of the petitioner's sentence. As noted above, this Court found that Mr. McGown properly exercised his discretion when making that determination. Therefore, because the petitioner's counsel failed to raise this claim on direct appeal, the petitioner has waived this issue as grounds for relief.

However, we will briefly address the substance of this claim. When deciding whether to grant a motion for recusal, a trial judge exercises his or her discretion. Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). This Court may reverse the trial judge's decision only when the judge has clearly abused that discretionary authority. State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993). The judge should recuse him- or herself whenever the judge's

"impartiality [could] reasonably be questioned." Alley v. State, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994) (quoting Code of Judicial Conduct, Canon 3(c)). Furthermore, recusal is appropriate "when a person of ordinary prudence in the judge's position . . . would find a reasonable basis for questioning the judge's impartiality." Id.

The trial judge must determine whether he or she has a subjective bias against the petitioner and whether the trial judge's impartiality could reasonably be questioned under an objective standard. State v. Connors, 995 S.W.2d 146 (Tenn. Crim. App. 1998). The trial judge denied the petitioner's motion for recusal after engaging in this two-prong analysis. He determined that he had neither a subjective bias nor an objective appearance of bias and could therefore sentence the petitioner fairly. As the motion for recusal was based on the trial judge's personal knowledge of the facts of the case, he was required to grant the motion for recusal if his personal knowledge of the case would affect his impartiality.

Since the petitioner pled guilty, the trial judge's knowledge of the facts of the case are irrelevant insofar as the guilt/innocence determination is concerned. As far as the sentence is concerned, the trial judge stated that he was merely an acquaintance of the victim's relation, not a close friend. Additionally, the petitioner's criminal history appears to have played the largest role in the sentence determination. The trial judge relied at least partly on the petitioner's twenty-seven prior convictions when he classified the petitioner as a Range III offender and sentenced him accordingly. Therefore, the trial judge did not appear to have based his sentencing decision on his personal knowledge of the case. Thus, we conclude that the trial judge properly exercised his discretion when denying the petitioner's motion and therefore hold that this issue lacks merit.

## Conclusion

For the forgoing reasons, we find that none of the petitioner's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE